1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TOM FRANKLIN,                              CASE NO: 10-CV-1020 W (CAB)

12                        Plaintiff,            **ORDER:**

13

14         v.                                   **(1) DENYING IN FORMA PAUPERIS MOTION**
                                                **(Doc. No. 2) and;**
15

16                                              **(2) DISMISSING LAWSUIT**
                                                **(Doc. No. 1)**
17   U.S. BANK NATIONAL
     ASSOCIATION,
18

19                        Defendant.

20

21         On May 12, 2010, Plaintiff Tom Franklin ("Plaintiff"), proceeding *pro se*,

22   commenced this action. (Doc. No. 1.)  On the same day, Plaintiff filed a motion seeking

23   *in forma pauperis* ("IFP") status. (Doc. No. 2.)  For the reasons outlined below, the Court

24   **DENIES** Plaintiff's IFP motion and **DISMISSES WITHOUT PREJUDICE** the

25   lawsuit.

26         The determination of indigency falls within the district court's discretion.

27   California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on*

28   *other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the

1 | reviewing court to exercise its sound discretion in determining whether the affiant has
2 | satisfied the statute's requirement of indigency."). It is well-settled that a party need
3 | not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de
4 | Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C.
5 | § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because
6 | of his poverty pay or give security for costs ... and still be able to provide himself and
7 | dependents with the necessities of life." Id. at 339. At the same time, however, "the
8 | same even-handed care must be employed to assure that federal funds are not
9 | squandered to underwrite, at public expense, ... the remonstrances of a suitor who is
10 | financially able, in whole or in material part, to pull his own oar." Temple v.
11 | Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

12 | District courts, therefore, tend to reject IFP applications where the applicant can
13 | pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v.
14 | Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares
15 | v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse
16 | discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and
17 | $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995)
18 | (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120
19 | filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D.
20 | Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and
21 | the magistrate correctly determined that this amount was more than sufficient to allow
22 | the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's
23 | poverty must be stated "with some particularity, definiteness, and certainty." United
24 | States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

25 | Having read and considered the papers submitted, the Court finds that based on the
26 | current record, Plaintiff has failed to meet 28 U.S.C. § 1915's requirements for IFP status.
27 | Specifically, the information provided by Plaintiff in support of his IFP motion lacks the
28 | "particularity, definiteness, and certainty" that is required by the Ninth Circuit. Id.

1  For example, Plaintiff has refused to provide answers to most of the questions on
2  the IFP application. (See *IFP Mot.* at ¶¶ 1, 2, 5, 8, 9, 10, 11.)   Based on this lack of
3  information, Plaintiff's true economic situation is unascertainable.

4  Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis*
5  without prejudice, and **DISMISSES** the lawsuit.  Plaintiff shall have until **June 11, 2010**
6  to reinstate this case by (1) paying the $350 filing fee <u>or</u> (2) submitting an amended IFP
7  application.  Plaintiff is advised that failure to meet either of these requirements may cause
8  the termination of his case without further leave to amend.

9

10  **IT IS SO ORDERED.**

11

12  DATED:  May 17, 2010

13

14  Hon. Thomas J. Whelan
    United States District Judge

15
16
17
18
19
20
21
22
23
24
25
26
27
28