# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKLIN,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>  Defendant. | CASE NO: 10-CV-1020 W (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING IN FORMA PAUPERIS MOTION (Doc. No. 4) and;**<br><br>**(2) DISMISSING LAWSUIT (Doc. No. 1)** |

On May 27, 2010, Plaintiff Tom Franklin ("Plaintiff"), proceeding *pro se*, re-opened this case by filing an amended motion seeking *in forma pauperis* ("IFP") status. (Doc. No. 4.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion and **DISMISSES WITHOUT PREJUDICE** the lawsuit.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has

1  satisfied the statute's requirement of indigency."). It is well-settled that a party need
2  not be completely destitute to proceed in forma pauperis. <u>Adkins v. E.I. DuPont de
3  Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C.
4  § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because
5  of his poverty pay or give security for costs ... and still be able to provide himself and
6  dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the
7  same even-handed care must be employed to assure that federal funds are not
8  squandered to underwrite, at public expense, ... the remonstrances of a suitor who is
9  financially able, in whole or in material part, to pull his own oar." <u>Temple v.
10 Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

11       District courts, therefore, tend to reject IFP applications where the applicant can
12 pay the filing fee with acceptable sacrifice to other expenses. <u>See, e.g.</u>, <u>Stehouwer v.
13 Hennessey</u>, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, <u>Olivares
14 v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse
15 discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and
16 $110 per month from family); <u>Allen v. Kelly</u>, 1995 WL 396860 at *2 (N.D. Cal. 1995)
17 (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120
18 filing fee out of $900 settlement proceeds); <u>Ali v. Cuyler</u>, 547 F.Supp. 129, 130 (E.D.
19 Pa. 1982) (<u>in forma pauperis</u> application denied: "plaintiff possessed savings of $450 and
20 the magistrate correctly determined that this amount was more than sufficient to allow
21 the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's
22 poverty must be stated "with some particularity, definiteness, and certainty." <u>United
23 States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

24       Having read and considered the papers submitted, the Court finds that Plaintiff has
25 again failed to meet 28 U.S.C. § 1915's requirements for IFP status. Specifically, the
26 information provided by Plaintiff in support of his IFP motion lacks the "particularity,
27 definiteness, and certainty" that is required by the Ninth Circuit. <u>Id</u>.

28

1       For example, when asked to provide the present balance in his checking account, Plaintiff wrote "very little money." (See *IFP Mot.* at ¶ 4.)  Similarly, when asked to list his assets or items of value that he owns, Plaintiff wrote "I have very little." (See *IFP Mot.* at ¶ 10.)  The Court does not doubt Plaintiff's truthfulness.  But without the details of the required information, the Court simply can not provide the requested relief.  Plaintiff's true economic situation remains unascertainable.

      Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* without prejudice, and **DISMISSES** the lawsuit.  Plaintiff shall have until **June 18, 2010** to reinstate this case by (1) paying the $350 filing fee or (2) submitting an amended IFP application.  Plaintiff has now ignored this Court's instructions twice.  Should he choose to file another amended IFP application, Plaintiff should be careful to provide all of the required financial information.  A failure to do so will cause his case to be terminated without further leave to amend.

**IT IS SO ORDERED.**

DATED: May 28, 2010

                                                         Hon. Thomas J. Whelan
                                                         United States District Judge